IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JAMES WILLIS, TDCJ #1230963, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-0386 |
| RICK THALER, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

# MEMORANDUM AND ORDER
# TO STAY AND ADMINISTRATIVELY CLOSE

The petitioner, Richard James Willis (TDCJ #1230963), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Willis has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. He has also filed a memorandum in support of his petition. The respondent has answered with a motion to dismiss [Doc. # 8], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Willis disagrees and he has filed a cross-motion in response [Doc. # 10]. After considering all of the pleadings, the exhibits, and the applicable law, the Court denies both motions and directs the Clerk of Court to stay this case for reasons set forth below.

## I.     BACKGROUND AND PROCEDURAL HISTORY

A local grand jury returned an indictment against Willis in cause number 979539, charging him with violating the Texas penal provision that prohibits previously convicted felons from possessing a firearm. The State reportedly enhanced that indictment with allegations that Willis had at least two prior felony convictions. On April 12, 2004, Willis entered a guilty plea to the charges against him in the 185th District Court for Harris County, Texas. After Willis conceded that the enhancement allegations were "true," the trial court found Willis guilty as charged and sentenced him to 25 years' imprisonment. Willis, who remains incarcerated at the McConnell Unit, did not pursue a direct appeal.

On February 3, 2010, Willis filed the pending federal habeas corpus petition seeking relief from his state court conviction under 28 U.S.C. § 2254.[1] Although he entered a guilty plea to the charges against him, Willis now insists that he is actually innocent and that his conviction is invalid. Willis acknowledges that he was stopped by police on November 12, 2003, and that officers found a firearm in the vehicle that he was driving. The record discloses that the police also recovered marijuana behind the driver's seat and that Willis was the only passenger in the vehicle. Willis maintains that the handgun belonged to the car's owner, Tamara Jackson, who placed the firearm in the vehicle without his knowledge because

---

[1]     The Clerk's Office received Willis's undated petition on February 4, 2010. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Because the petition is post-marked February 3, 2010, the Court concludes that the petitioner placed his pleadings in the mail on that date.

she had been the victim of a robbery and feared for her safety. In support of this claim, Willis provides an affidavit from Jackson, which is dated October 3, 2005, along with assorted documentation related to the robbery that occurred on November 3, 2003, shortly before Willis's arrest. Pointing to this evidence, Willis maintains that he is innocent because he did not have the requisite knowledge or intent to possess a firearm in violation of Texas law.

In addition to his allegation of actual innocence, Willis raises several claims concerning defects in the trial court's jurisdiction and the validity of his indictment, which he claims was not "lawfully returned." Willis objects that the grand jury in his case was not lawfully selected because individuals of African-American descent and other minorities were under-represented. Willis complains that his conviction was obtained with evidence seized pursuant to a search that violated the Fourth Amendment. In addition, Willis claims that he was denied effective assistance of counsel prior to his guilty plea because his attorney failed to complete an adequate investigation of the facts or explain the elements of the offense. Willis also complains that he was not indicted as a habitual offender and that his 25-year sentence is unlawful.

The respondent notes that Willis's conviction became final thirty days after he entered his guilty plea on April 12, 2004. The respondent maintains, therefore, that Willis is not entitled to review or relief under the federal habeas corpus statutes because his petition is barred by the governing one-year statute of limitations found at 28 U.S.C. § 2244(d). Willis, who has filed a cross-motion in reply, disputes that his petition is untimely. Pointing to the affidavit and assorted documentation provided by Tamara Jackson, Willis insists that he has

"newly discovered evidence" of his actual innocence and that this is sufficient to toll the statute of limitations. Willis also notes that he raised this claim in a state habeas application that he filed on August 21, 2006, but that this proceeding has been pending before the trial court without a ruling for more than three years. For reasons outlined below, the Court concludes that a decision on the limitations question would be premature and that a stay is appropriate under the unique circumstances of this case.

## II.     DISCUSSION

It is undisputed that the challenged conviction became final on May 12, 2004, when Willis's time to appeal expired. *See* TEX. R. APP. P. 26(a)(1). That date triggered the statute of limitations found in 28 U.S.C. § 2244(d)(1)(A), which expired one year later on May 12, 2005. The pending federal habeas petition, filed on February 3, 2010, is late by almost five years. Therefore, the petition is time-barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Exhibits provided by Willis confirm that he has filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. The State filed an answer to this application on October 6, 2006. In response to an order from the trial court, Willis's defense counsel submitted an affidavit on August 28, 2007, regarding Willis's allegations of ineffective assistance. The

record reflects that Willis's habeas application remains pending in the trial court, which has not yet issued a ruling.[2]

The respondent insists that Willis is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because his state application was filed after the limitations period had already expired. In response, Willis points to his so-called proof of actual innocence and he appears to request equitable tolling. [Doc. # 10]. It is an open question in this circuit whether proof of a defendant's actual innocence would warrant equitable tolling of the statute of limitations on federal habeas corpus review. *See Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence). The Supreme Court has held, nevertheless, that the one-year statute of limitations found in 28 U.S.C. § 2244(d) "is subject to equitable tolling in appropriate cases." *Florida v. Holland*, — U.S. —, —, 2010 WL 2346549, at *9 (June 14, 2010) (No. 09-5327).

The substance of Willis's actual-innocence claim remains pending in the trial court and his allegations have not been adjudicated on the merits or considered by the Texas Court of

---

[2] Willis has provided selected documents and exhibits from his state habeas corpus proceeding, including the affidavit provided by his defense counsel, which describes the facts surrounding his arrest and indictment. [Docs. # 1, # 10]. The respondent has tendered approximately eight pages of state court records, including the judgment of conviction and several documents from an original proceeding. [Docs. # 7, # 9]. These limited records show that, on January 16, 2009, Willis filed a motion for leave to file a writ of mandamus against former Harris County Clerk Teresa Chang. [Doc. # 7]. On January 28, 2009, the Texas Court of Criminal Appeals denied the motion, without a written order, presumably because the application remains pending before the trial court. *See Ex parte Willis*, No. 71,374-01.

5

Criminal Appeals. Although there has been delay associated with the trial court's ruling on this application, Willis concedes that the State has filed an answer and that his counsel has provided an affidavit in that proceeding. Thus, Willis does not show that this state procedure is unavailable. Under these circumstances, Willis is required to exhaust all state court remedies before raising his claims in federal court. *See* 28 U.S.C. § 2254(b)–(c). Willis did not pursue a direct appeal. Therefore, he must exhaust remedies by presenting his claims before the convicting court, which will enter findings of fact and conclusions of law, if necessary, before transmitting the application to the Texas Court of Criminal Appeals for a final decision. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Because Willis's state habeas application remains pending, his petition presents issues that are not ripe. The Fifth Circuit has commented that, in the habeas corpus context, "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)) (citations omitted). Likewise, under the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or

nonintervention," is based on considerations of equity, comity, and federalism. *DeSpain v. Johnston*, 731 F.2d 1171, 1175-76 (5th Cir. 1984).

Although neither party raises this issue, it appears plain that an exercise of federal habeas corpus jurisdiction over the pending petition would be premature. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. Rather than dismiss the petition without prejudice, the Court concludes that a stay is appropriate until the state courts have completed the adjudication of the pending state habeas application. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005) (authorizing a stay, in "limited circumstances," while a habeas corpus petitioner exhausts his state court remedies).

### III.     CONCLUSION AND ORDER

Accordingly, without expressing any opinion on the statute of limitations or the validity of the petitioner's claims, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 8] and the petitioner's cross-motion in response [Doc. # 10] are **DENIED**, at this time, without prejudice to re-filing if warranted after state habeas proceedings are concluded.

2. The Clerk's Office shall **STAY** and administratively **CLOSE** this case.

3. The parties shall file a written motion to reinstate this case **within thirty days after the Texas Court of Criminal Appeals has entered a final decision on the pending state court application**.

The Clerk shall provide a copy of this order to the parties.  **The Clerk will also provide a copy of this order to the Presiding Judge of the 185th District Court for Harris County, 1201 Franklin, 17th Floor, Houston, Texas 77002**.

SIGNED at Houston, Texas, on June 16, 2010.

*[signature]*

Nancy F. Atlas
United States District Judge