IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD JAMES WILLIS, § | | |
| TDCJ # 1230963, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-0386 | |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

The petitioner, Texas Department of Criminal Justice (TDCJ) inmate Richard James Willis (TDCJ # 1230963), filed a petition for a writ of habeas corpus challenging a state court conviction under 28 U.S.C. § 2254. Pending before the Court is a motion to dismiss [Doc. #5, in which the respondent argues that the challenge to the 2004 conviction is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Willis has not filed a reply.[1] After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for the reasons that follow.

---

[1] An order sent by the Clerk to Willis's address at the TDCJ McConnell Unit was returned with the notation "RTS (Return to Sender) Discharged."

## I. BACKGROUND

Willis was charged with being a felon unlawfully in possession of a firearm [Doc. # 13-4, p. 18]. On April 12, 2004, Willis signed a waiver and entered a guilty plea to the charge. *Id.* at 7-16. After accepting the plea, the state district sentenced Willis to twenty-five years in TDCJ pursuant to a judgment of conviction for felony possession of a firearm. *State v. Willis*, No. 979539 (185th Dist. Ct, Harris County, Tex., Apr. 12, 2004). [Doc. # 13-4, pp. 19-20]. No direct appeal was filed [Doc. # 1, p. 3].

Willis filed a state application for a writ of habeas corpus challenging the judgment and sentence by submitting a form approved by the Texas Court of Criminal Appeals, signed on August 4, 2006 [Doc. # 13-2, p. 19]. The habeas application was forwarded to the Texas Court of Criminal Appeals which denied it without a written order on findings of the trial court without a hearing on January 15, 2014. *Id.* at 2.

Willis filed his federal petition for a writ of habeas corpus on February 4, 2010, during the pendency of the state habeas post conviction proceeding. On May 10, 2010, the respondent filed a motion to dismiss the action as untimely [Doc. # 8]. The Court denied the motion without prejudice and dismissed the federal habeas action, without prejudice to reconsideration after the conclusion of the state habeas proceedings [Doc. # 11]. The respondent moved to reopen the case after the Court of

Criminal Appeals denied Willis's state habeas application [Doc. # 12]. The Court granted the motion and reopened the proceeding, the respondent filed a motion restating its argument that the petition should be dismissed as time barred [Doc. 15].

## II. CLAIMS

Willis asserts the following claims in his habeas petition:

1. Willis is actually innocent of the charged offense; [Doc. # 1, p. 7];

2. The trial court lacked jurisdiction; *Id.* at 11;

3. The indictment was invalid; *Id.* at 12;

4. The grand jury was not lawfully selected; *Id.* at 13-4;

5. Willis's conviction was obtained using evidence seized in violation of the Fourth Amendment; *Id.* at 15;

6. Willis was denied effective assistance of counsel; *Id.* at 16; and

7. Willis's sentence was unlawful because he was not indicted as a habitual offender. *Id.*

## III. THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of

3

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal

habeas review." *Duncan*, 533 U.S. at 179. The one-year limitations period applies in this action. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

The respondent argues that the habeas petition filed in this proceeding is time barred because it was filed more than one year after the challenged conviction became final by the conclusion of direct review or the expiration of the time for seeking such review to file a habeas application. 28 U.S.C. § 2244(d)(1)(A). Statutory exceptions to the accrual date of the one-year limitation period include a state-created impediment to the petitioner's filing of an application; new constitutional rights recognized by the Supreme Court and having retroactive application; and the discovery of new facts supporting the claim which could not have been discovered with due diligence on an earlier date. *See id*. at § 2244(d)(1)(B),(C),(D). Willis has not presented any facts or legal arguments indicating that any of the statutory exceptions under subsections (B), (C), or (D) of § 2244(d) apply to his habeas petition. Therefore, the limitation period shall commence on the date his conviction is determined to be final under 28 U.S.C. § 2244(d)(1)(A). The time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted. *See id*. at § 2244(d)(2).

Willis filed no direct appeal after he was found guilty on April 12, 2004.

Therefore, his conviction became final on May 12, 2004, when the time for filing a notice of appeal expired. *See* Tex. R. App. Proc. 26.2(a)(1) (West 2004) (notice of appeal must be filed within 30 days after entry of the trial court's judgment); *see also Jimenez v. Quarterman,* 555 U.S. 113, 119 (2009) (state conviction becomes final under AEDPA when there is no further "'availability of direct appeal to the state courts.'") (quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)). Therefore, Willis's limitations period expired one year later on May 12, 2005, absent tolling.

Willis's state habeas application was not filed until August 6, 2006, more than two years after his conviction became final. Consequently, it has no tolling effect because it was filed after the expiration of the one year limitations period. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (citing § 2244(d)(2))); *see also Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Therefore, the federal petition, filed February 4, 2010, was filed more than five years after the conviction became final and four years after the expiration of the limitations period.

Willis contends that he is actually innocent of the crime for which he was convicted. In some instances, claims of actual innocence may allow a habeas petitioner to present a habeas claim that is otherwise time barred. *McQuiggin v. Perkins*, ___ U.S. ___; 133 S.Ct. 1924, 1931-32 (2013). To qualify for such an

exception, the petitioner must prove to the Court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare." *Perkins,* 133 S.Ct. at 1928. The Court held that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316).

In support of his claim that he is innocent, Willis attached an affidavit purportedly from Tamara Jackson, stating that the gun belonged to her and that Willis had no knowledge of it [Doc. # 1-1, p. 1]. On state habeas review, the court found that the affidavit was not new or persuasive evidence and that it was not credible [Doc. # 13-3, p. 68]. The court further found that Willis's trial counsel had interviewed Jackson before the trial and that she denied owning the gun or having any knowledge of it. *Id.* at 68-69. The state court's factual determinations are presumed correct. *Wood v. Allen*, 558 U.S. 290, 293 (2010); *Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012). Further, Willis pled guilty to the offense and waited two years before submitting the evidence of his alleged innocence. Such factors severely undermine the reliability of his claim. *See Perkins*, 133 S.Ct. at 1928 ("unjustifiable delay on a

habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.").

Willis's petition for a writ of habeas corpus was filed more than five years after his conviction became final and he has failed to present any grounds for equitable or statutory tolling. Consequently, his petition is subject to **dismissal** as barred by 28 U.S.C. § 2244(d).

### IV. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner. Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 15 is **GRANTED**

9

2. The petition for a federal writ of habeas corpus challenging a state court decision under 28 U.S.C. § 2254 [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 31, 2014.

Nancy F. Atlas
United States District Judge